UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

BILL ROSE,                                                              6:13-cv-2251-TC

Plaintiff,

FINDINGS & RECOMMENDATION

v.

RICHARD C. RICE and JILL RICE, husband
and wife,

Defendants.

COFFIN, Magistrate Judge:

Plaintiff, Bill Rose, brings this action to collect on a promissory note executed by defendants

Richard and Jill Rice. In 2003, the defendants entered into a joint venture with Turf-Seed, Inc. to

build a seed cleaning plant in Alberta, Canada. Turf-Seed financed the operation and defendants

executed a promissory note on January 1, 2003, in the amount of $487,003.68 to be repaid to Turf-

Seed on demand or in annual principal and interest payments over 30.5 years.

Turf-seed is an Oregon Corporation principally owned and operated by plaintiff Bill Rose.

Plaintiff is the assignee of all right, title and interest of Turf-Seed.

Defendants were residents of Powell, Wyoming at the time the parties entered into the joint

venture and when defendants executed the promissory note. In June of 2003, defendants formed Big

Page 1 - FINDINGS & RECOMMENDATION

Horn Owl, LLC, as a Wyoming limited liability company. The joint venture later failed and defendants abandoned the grass seed operation.

Until May 1, 2013, Big Horn Owl owned real property in Wyoming on which defendants lived. After Big Horn Owl sold the Wyoming property, it purchased two parcels of land in Bandon, Oregon as part of an IRS section 1031 exchange. The Bandon properties consist of a cranberry farm, a house and a shop. Defendant Richard Rice moved to the property in October of 2013 where he farms cranberries. Defendant Jill Rice remains in Powell, Wyoming where she works as a lab assistant at the University of Wyoming.

Plaintiff filed the complaint on December 19, 2013. Defendants move to dismiss asserting lack of subject matter jurisdiction or, alternatively, lack of personal jurisdiction over defendant Jill rice and improper service on defendant Richard Rice.

Plaintiff alleges the court has diversity jurisdiction to hear his claim. Defendants mount a factual attack challenging the alleged complete diversity of the parties. Defendants assert that both plaintiff and defendant Richard Rice were both domiciled in Oregon at the time plaintiff commenced this action.

The court has original jurisdiction over actions that involve over $75,000 in controversy and are between citizens of different states. 28 U.S.C. § 1332(a)(1). "Diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff." In re Digimarc Corp. Derivative Litigation, 549 F.3d 1223, 1234 (9th Cir. 2008). A person is domiciled in a location where he has established a fixed habitation or abode in a particular place, and intends to remain there permanently or indefinitely.'" Owens v. Huntling, 115 F.2d 160, 162 (9th Cir. 1940). The existence of domicile for purposes of diversity is determined as of the time the lawsuit is filed. Hill v. Rolleri, 615 F.2d 886, 889 (9th Cir. 1980). The party

asserting diversity jurisdiction bears the burden of proof.  Resnik v. La Paz Guest Ranch, 289 F.2d 814, 819 (9th Cir. 1961).

> Because defendants raise a factual attack to plaintiff's jurisdictional allegations
>
> plaintiff must support h[is] jurisdictional allegations with "competent proof," Hertz Corp. v. Friend, 559 U.S. 77, 96–97, 130 S.Ct. 1181, 175 L.Ed.2d 1029 (2010), under the same evidentiary standard that governs in the summary judgment context. See Norse v. City of Santa Cruz, 629 F.3d 966, 973 (9th Cir. 2010) (en banc); Trentacosta v. Frontier Pac. Aircraft Indus., Inc., 813 F.2d 1553, 1559 (9th Cir. 1987); Fed.R.Civ.P. 56(c). The plaintiff bears the burden of proving by a preponderance of the evidence that each of the requirements for subject-matter jurisdiction has been met.  Harris, 682 F.3d at 851.  With one caveat, if the existence of jurisdiction turns on disputed factual issues, the district court may resolve those factual disputes itself. Safe Air for Everyone, 373 F.3d at 1039–40; Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir.1983); Thornhill, 594 F.2d at 733.

Leite v. Crane Co., __ F.3d __, 2014 WL 1646924 (9th Cir. Apr. 25, 2014).

The supported facts presented by the parties show:

- Big Horn Owl, LLC, is a Wyoming limited liability company that has not yet registered to do business in Oregon.

- Richard Rice is the current registered agent for Big Horn Owl and Big Horn Owl's registered address for its agent and business is in Wyoming.[1]

- Prior to May 1, 2013, Big Horn Owl owned property in Wyoming.

- On October 27, 2013, Big Horn Owl purchased a cranberry farm, shop and house in Bandon, Oregon.

- Richard Rice does all the cranberry farming for Big Horn Owl and located to Bandon, Oregon on October 27, 2013.

- Richard Rice opened an account at a Bandon, Oregon bank.

---

[1] The last filing date for registration in Wyoming preceded the acquisition of the Oregon property.

- Richard Rice asserts he will register to vote in Oregon, that he will register his vehicle in Oregon and that he will obtain an Oregon driver's licence.

- Big Horn Owl is a member of the Ocean Spray Cooperative and Richard Rice is in the process of registering the LLC in Oregon.

- Richard Rice's wife, defendant Jill Rice, remains in Wyoming until the cranberry farm becomes profitable.

- Richard Rice asserts he intends to remain in Oregon.

These facts establish why plaintiff thought Richard Rice was domiciled in Wyoming as of the date he filed the complaint, given that Big Horn Owl's registration so stated. However, the facts also demonstrate that Richard Rice established his domicile in Oregon as of October 2013 because he moved to Bandon with the intent of residing there to run a cranberry farm indefinitely. Plaintiff bears the burden and has not presented any evidence showing Richard Rice has an intent to return to Wyoming rather than he simply lacks some Oregon registrations. At oral argument, plaintiff virtually conceded that a trier of fact could just as easily conclude an intent to stay as conclude an intent to return. Such evidence fails to meet the required burden of proof.

To the extent Richard Rice's wife continued residence in Wyoming creates a presumption that Richard Rice has not changed his domicile to Oregon, the facts rebut that presumption and support a finding that his wife will also move to Oregon once the business can support them both. The facts support, by a preponderance, Richard Rice's intent to turn the cranberry farm into a profitable business and remain in Oregon permanently. Accordingly, there is a lack of complete diversity and the motion to dismiss should be granted for lack of subject matter jurisdiction. As such, the court need not reach the alternative arguments for dismissal raised by defendants.

## CONCLUSION

For the reasons stated above, defendant's motion to dismiss (#6) should be granted and this action should be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties shall have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determination of the Magistrate Judge will be considered as a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to this recommendation.

DATED this __13__ day of June,  2014.

_____
THOMAS M. COFFIN
United States Magistrate Judge